**BERRY LAW PLLC**
745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: (212) 355-0777
Eric W. Berry
berrylawpllc@gmail.com

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Michael Z. Brownstein, Esq.
mbrownstein@tarterkrinsky.com

*Attorneys for Shalom Maidenbaum,*
  *a Creditor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

-------------------------------------------------------X

*In re* AARON FISCHMAN,

           Debtor,

-------------------------------------------------------X

Chapter 13

Case No.  23-35660  (CGM)

### NOTICE OF HEARING ON MAIDENBAUM'S MOTION PURSUANT TO 11 U.S.C. §1307(c) AND 11 U.S.C. §109(e) TO DISMISS THIS CASE

**PLEASE TAKE NOTICE**, that Shalom S. Maidenbaum, a creditor and party in interest, will move before the Honorable Cecelia G. Morris, at the United States Bankruptcy Court for the Southern District of New York, Poughkeepsie Division, 355 Main Street, Poughkeepsie, New York 12601, via Zoom for Government on **September 26, 2023** at 9:00 a.m. (the "Hearing") for an order pursuant to 11 U.S.C. §1307(c), 11 U.S.C. §109(e) and the Court's inherent and equitable powers dismissing this case for cause.

**PLEASE TAKE FURTHER NOTICE** that responses to the Motion, if any, shall: (i) be in writing; (ii) conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; (iii) be filed and delivered in accordance with the Court's Rules and Judge Morris' Chambers Rules, and be served (a) on the undersigned counsel for Maidenbaum, (b) any parties that have appeared in the case, (c) the Chapter 13 Trustee assigned to the case, and (d) the Office of the United States Trustee, Southern District of New York, Poughkeepsie Division on or before seven (7) days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that a written response is required only in the event you oppose the Motion. If there are no written responses to the Motion on or before the response deadline, the Bankruptcy Court may grant the relief Maidenbaum has requested without a hearing and without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Hearing before Bankruptcy Judge Morris will be held via Zoom for Government. Participants must register their appearance using the Bankruptcy Court's eCourt Appearance tool at least 48 hours before the hearing. The eCourt Appearance tool is accessible on the Bankruptcy Court's website at https://www.nysb.uscourts.gov/content/chief-judge-cecelia-g-morris, and clicking on the "eCourtAppearances" tab. The Court will circulate the Zoom information via email prior to the hearing. Participants who fail to register timely must appear in person at 355 Main Street, Poughkeepsie, New York.

Dated: New York, New York  
       August 31, 2023

Berry Law PLLC

By:   /s/Eric W. Berry           
       Eric W. Berry  
745 Fifth Avenue, 5th Floor  
New York, New York 10151  
(212) 355-0777  
berrylawpllc@gmail.com


Tarter Krinsky & Drogin, LLP

By:   /s/Michael Z. Brownstein  
       Michael Z. Brownstein  
1350 Broadway, 11th Floor  
New York, New York 10018  
(212) 216-8000  
mbrownstein@tarterkrinsky.com  
*Attorneys for Shalom Maidenbaum,*  
*a Creditor*

**BERRY LAW PLLC**
745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: (212) 355-0777
Eric W. Berry
berrylawpllc@gmail.com

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Michael Z. Brownstein, Esq.
mbrownstein@tarterkrinsky.com

*Attorneys for Shalom Maidenbaum,*
  *a Creditor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

-------------------------------------------------------X

*In re* AARON FISCHMAN,

               Debtor,

-------------------------------------------------------X

Chapter 13

Case No. 23-35660 (CGM)

**MAIDENBAUM'S MOTION PURSUANT TO 11 U.S.C. §1307(c)
AND 11 U.S.C. §109(e) TO DISMISS THIS CASE**

Shalom S. Maidenbaum ("Maidenbaum"), a creditor and party in interest within the meaning of 11 U.S.C. §1307(c), hereby moves before this Court for the entry of an order pursuant to 11 U.S.C. §1307(c), 11 U.S.C. §109(e) and the Court's inherent and equitable powers dismissing this case for cause. (Underscoring indicates hyperlinking to the citation.)

**RELIEF REQUESTED**

1. This motion demonstrates that the case should be dismissed with prejudice under 11 U.S.C. §1307(c), 11 U.S.C. §109(e) and the Court's inherent and equitable powers, on the grounds that the debtor, Aaron Fischman ("Fischman"), has non-contingent, liquidated debts in excess of the $2,750,000 limit imposed by 11 U.S.C. §109(e) in that section's definition of who may be a debtor in a Chapter 13 case.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §1307(c) and 11 U.S.C. §109(e).

4. 11 U.S.C. §1307(c) provides:

> . . . [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, * * *]

11 U.S.C. §109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated debts of less than $2,750,000 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated debts that aggregate less than $2,750,000 may be a debtor under chapter 13 of this title.

## SUMMARY OF RELEVANT FACTS

### A. Maidenbaum's Judgment Against Fishman

5. Maidenbaum's judgments were entered in *Maidenbaum v. Cardis Enterprises International, B.V.*, *et al.*, Sup. Ct., Nassau Co. Index No. 604610/2016 (**Exhibit1**) and *Maidenbaum v. Cardis Enterprises International, B.V.*, *et al.*, Sup. Ct., Nassau Co. Index No. 604766/2016 (**Exhibit 2**). Under the judgments, Fischman is liable to Maidenbaum in the total amount approximately **$4,826.981.76**, inclusive of post-judgment interest.

### B. Fischman's Matured and Non-Contingent Debts to Other Creditors

6. An involuntary Chapter 11 case, *In re Aaron D. Fischman*, Case No. 23-35368-cgm (Bankr., S.D.N.Y.), was filed against Aaron Fischman on May 8, 2023. That case was dismissed by the Court on July 11, 2023. In that case, the Internal Revenue Service filed a proof of claim against Fischman in the amount of $**1,518,756.58.** *See* **Exhibit 3**, at p. 2.

7. In the instant case, the New York State Department of Taxation and Finance ("NYSDTF") has filed a proof of claim against Fischman in the amount of **$301,126.86**. *See* **Exhibit 4**, at p. 1.

8. On May 23, 2023, Fischman consented to a judgment in favor of the New York Attorney General in the amount of $2 million. Judgment in *People of the State of New York by James v. Aaron D. Fischman*, *et al.,* Sup. Ct., New York Co., Index No. 452353/2018 **(Exhibit 5)**, at p. 2. One million dollars ($1 million) of that amount has already been paid by Fischman. *See* the transcript of Fischman's December 15, 2022 guilty plea to a securities fraud violation (**Exhibit 6**, at 11:16-17), leaving an outstanding judgment debt in favor of the Attorney General in the amount of $1 million.

9.  Even apart of Fischman's judgment debt to Maidenbaum, Fischman has matured and non-contingent obligations to other creditors in the amount of $2,819,884.44 (*i.e.*, $1,518,756.58 + $301,126.86 + $1,000,000)—in excess of the $2,750,000 limit imposed by [§109(e)](#)'s definition of who may be a debtor in a Chapter 13 case.

**C. This case Should Be Dismissed Since Fischman's Matured
    and Non-Contingent Obligations Exceed $2,750,000**

10.  Where an individual has debts in excess of the $2,750,000 limit imposed in §109(e), that is a mandatory (though non-enumerated) "cause" for dismissal under §1307(c). [*In re Pratola*](#), 589 B.R. 779, 787, 791-792 (N.D. Ill. 2018) ("the text of § 109(e)'s eligibility requirement plainly bars Debtor from proceeding under Chapter 13, and under § 1307(c) his case must either be dismissed or converted"; summarizing case law).  Fischman's debts to Maidenbaum, the IRS, NYSDTF and the Attorney General total $7,656,865.20 (*i.e.*, $4,826,981,76+ $1,518,756.58 + $301,126.86 + $1,000,000)—far exceed the $2,750,000 limit imposed by §109(e)'s definition of who may be a debtor in a Chapter 13 case.   As noted, even if the debt to Maidenbaum is excluded, the other debts still exceed $2,750,000 and compel dismissal.

**C. The Companion Motion to Dismiss
    the Choshen Chapter 11 Case**

11.  Simultaneously with this motion, Maidenbaum is moving to dismiss a related Chapter 11 case filed by Choshen Israel, LLC ("Choshen") on the grounds that Choshen cannot possibly reorganize and because the *Choshen* case, like this one, was intended to delay state court contempt proceedings against Fischman stemming from his refusal to comply with a deposition

and document subpoena served by Maidenbaum in Maidenbaum's post- judgment (collection) case. The content of that motion is incorporated by reference and as if set forth fully herein.

**D. The Clerk's Motion to Dismiss Based
   on  Fischman's Deficient Filings**

12. On August 10, 2023 the Clerk noticed a hearing on the Court's motion to dismiss this case based on numerous deficiencies in Fischman's filings.  ECF 4.  That hearing is scheduled for September 26, 2024 at 9:00 a.m.  *Id.*

**E. This Case Should Be Dismissed, Rather than Converted,
   Since it Was Filed to Delay and Obstruct Maidenbaum's
   State Court Proceedings Against Fischman**

13. While a Chapter 13 can either be dismissed or converted to a Chapter 7 case for "cause,", dismissal, rather than conversion, is appropriate here.  The primary reason favoring dismissal is the inference that the three serial bankruptcy cases (the prior involuntary case against Fischman cited above, the *Choshen* Chapter 11 cited above, and this case) were each intended solely to stay state court contempt proceedings triggered by Fischman's defiance of discovery orders in Maidenbaum's post-judgment collection case.

14. In particular, on April 25, 2023, Nassau County Supreme Court Justice R. Bruce Cozzens filed an order (**Exhibit 7**) which held that, unless Fischman appeared in Court for the deposition and document production required under Maidenbaum's subpoena, Fischman would be arrested and incarcerated.  As the order recounts:

> It has been almost seven years since the Judgment (based upon a Confession of Judgment) was entered in this action. There has been constant avoidance of providing financial documents and failure to comply with Court Orders. Though claiming not to have funds $1,000,000 was paid to another Creditor.

5

*Id.*, p. 2.  Justice Cozzens' order continues:

> The underlying subpoena was served in June of 2017 almost six (6) years ago and in spite of the orders of Justice Murphy and the undersigned there has been no compliance whatsoever. There have been ten motions relating to the 2017 subpoenas including six by the Plaintiff for Contempt of Court and 4 by the Defendant seeking to quash and/or for a protective order. The conduct on the part of the Defendants is making a mockery of this Court.

*Id.*, p. 3.  The order further held that Fischman could purge the contempt and avoid arrest and incarceration by complying with the subpoena and appearing in Court on May 9 for his deposition. *Id.,* p. 4.

15. The first of these serial bad faith cases, *In re Aaron D. Fischman*, Case No. 23-35368-cgm (Bankr., S.D.N.Y.), was an apparently collusive involuntary Chapter 11 case. That case was filed on May 8, 2023, the day before Fischman's court-ordered and in-court deposition and document production. The case was dismissed by a decision of this Court on July 11, 2023, after the purported *pro se* petitioner—ostensibly, an individual named Ahron *Berlin* (*sic*)—failed to serve the summons or appear at the Government Zoom hearing on the Court's motion to dismiss. *Id.*, ECF 18.  Linda Tirelli appeared as Fischman's attorney in the involuntary case. *Id.*, ECF 4.

16. Following dismissal of that "involuntary" case, Fischman's in-court deposition and document production was rescheduled by Justice Cozzens for August 14, 2023. **Exhibit 8**.

17. Choshen, in which Fischman is or was a principal, then filed its Chapter 11 Case. *In re Choshen Israel LLC*, Case No.23-35636-cgm (Bankr., S.D.N.Y.), with Tirelli acting as its attorney.  Choshen is a co-debtor under Maidenbaum's judgment against Fischman. **Exhibit 1** and **Exhibit 2**.

18. Justice Cozzens then severed Maidenbaum's judgment enforcement claim against Fischman from the claims against Choshen and Cardis. (**Exhibit 9.**) The severance was granted at the request of Maidenbaum, who wanted to preempt Fischman's incorrect, but inevitable, arguments that the contempt proceeding was automatically stayed by Choshen's filing of this case.[1]

19. Since these serial bankruptcy cases were motivated by Fischman's desire to delay and obstruct Maidenbaum's state court proceedings against him, dismissal is the appropriate remedy. *In re Russbach-Esposito*, 2021 WL 3669112, *1 (Bankr., D. Conn., Aug. 18, 2021) (Chapter 13 case dismissed, rather than converted, where serial filings were "for the sole purpose of delaying and frustrating a state court foreclosure action"); *cf.*, *In re Jude Thaddeus Partners, I, supra*, 2010 WL 4496836, at *10 (dismissal appropriate because Chapter 7 trustee would lack both "history of involvement" with debtor that creditors in state court litigation had and incentive " to engage counsel").

## RESERVATION OF RIGHTS

20. Maidenbaum hereby reserves the right to make any additional arguments at the

---

[1] If the plaintiff collects from a debtor's co-obligor, that *benefits* the bankruptcy estate (by reducing its liability to the plaintiff). Therefore, the automatic stay does not extend to the plaintiff's claim against a party, like Fischman, with whom the debtor (here Choshen) is jointly liable to the plaintiff. *Zavala v. Trece Corp.*, 2019 WL 8405574, *1 (S.D.N.Y. Apr. 23, 2019) ("However, where the non-debtor defendant is independently liable to a plaintiff for misconduct—*e.g.*, where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors."); *Variable–Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603, 608 (S.D.N.Y.1996) ("Where, as here, 'the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor.'" (noting that where the debtor and non-debtors are joint tortfeasors, § 362(a)(1) does not bar claims where "the non-debtor's liability rests upon his own breach of duty").

hearing this Motion and make additional written submissions in support of the relief requested in the Motion.

## NOTICE OF MOTION

21. In compliance with Bankruptcy Rule 2002(a)(3), Maidenbaum intends to serve a Notice of Hearing and this Motion upon (i) the United States Trustee, S.D.N.Y., Poughkeepsie Division, the Chapter 13 Trustee assigned to this case, (iii) the Debtor, (iv) the Debtors known creditors based on the filed schedules and filed proofs of claim (v) and all parties that have appeared in this action.

**WHEREFORE,** for the foregoing reasons, this case should be dismissed with prejudice be granted, together with such other relief as is just and appropriate.

Dated: New York, New York
       August 31, 2023

Berry Law PLLC

By:   /s/Eric W. Berry
      Eric W. Berry
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777
berrylawpllc@gmail.com


Tarter Krinsky & Drogin, LLP

By:   /s/Michael Z. Brownstein
      Michael Z. Brownstein
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
mbrownstein@tarterkrinsky.com

*Attorneys for Shalom Maidenbaum,*
* a Creditor*