**BERRY LAW PLLC**
745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: (212) 355-0777
Eric W. Berry, Esq.
berrylawpllc@gmail.com

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
Phone: (212) 216-8000
Michael Z. Brownstein, Esq.
Jill Makower, Esq.
mbrownstein@tarterkrinsky.com
jmakower@tarterkrinsky.com

*Attorneys for Shalom S. Maidenbaum, Creditor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

AARON FISCHMAN,

      Debtor.
------------------------------------------------------------x

Chapter 13

Case No. 23-35660 (CGM)

**SHALOM S. MAIDENBAUM'S MEMORANDUM OF LAW (I) IN OPPOSITION
TO DEBTOR'S MOTION TO CONVERT HIS CHAPTER 13 CASE TO
CHAPTER 11 PURSUANT TO 11 U.S.C. §§ 109(e) AND 1307(d), AND (II)
IN SUPPORT OF DISMISSAL PURSUANT TO 11 U.S.C. §§ 1307(c) AND 109(e)**

  Shalom S. Maidenbaum ("Maidenbaum"), a creditor and party in interest in the above-captioned Chapter 13 case of Aaron Fischman ("Fischman" or the "Debtor"), submits this memorandum of law (i) in opposition to the Debtor's motion dated September 25, 2023 (the "Motion to Convert") [ECF No. 20] for an order converting this Chapter 13 case to Chapter 11 pursuant to §§109(e) and 1307(d) of title 11, United States Code, 11 U.S.C. § 101, et seq. (the

"Bankruptcy Code"), and (ii) in support of dismissal of the Debtor's case pursuant to Bankruptcy Code sections §§ 1307(c) and 109(e), and respectfully represents:

## FACTUAL BACKGROUND

The relevant facts are detailed in (i) Maidenbaum's motion to dismiss the Debtor's Chapter 13 case with prejudice (the "Motion To Dismiss") [ECF No. 14], (ii) the Declaration of Maidenbaum's counsel Eric W. Berry, Esq., filed on September 25, 2023 (the "Berry Decl.") [ECF No. 21], (iii) the Suplemental Declaration of Eric W. Berry, Esq., dated October 24, 2023 (the "Supplemental Berry Decl."), (iv) the Declaration of Maidenbaum's Israeli counsel Adv. Shai Ganor dated October 20, 2023 (the "Ganor Decl."), and (v) the exhibits to such documents, all of which are incorporated by reference as if fully set forth herein.

## PRELIMINARY STATEMENT

The Debtor no longer wishes to be in Chapter 13, and Maidenbaum previously filed his Motion To Dismiss this case with prejudice, for cause, including the Debtor's ineligibility for relief under Chapter 13. The bar date (October 19, 2023) has now passed, and it is clear from the claims register in this case (even though the Debtor still hasn't filed his Schedules), that the Debtor, pursuant to Bankruptcy Code section 109(e), is ineligible to be a Chapter 13 debtor.[1]

The claims register in this case shows claims totaling over $7.6 million. (See Supplemental Berry Decl., Exhibit "A"). Where an individual has debts in excess of the debt limit imposed in §109(e), that is a mandatory (though non-enumerated) "cause" for dismissal under §1307(c). In re Pratola, 589 B.R. 779, 787, 791-792 (N.D. Ill. 2018) ("the text of § 109(e)'s eligibility requirement

---

[1] Pursuant to the Bankruptcy Threshold Adjustment and Technical Corrections Act, Pub. L. No. 117-151, 136 Stat. 1298 (2022), the Chapter 13 eligibility limit in this case under Section 109(e) is a combined total noncontingent, liquidated debt limit of $2,750,000. See 11 U.S.C. § 109(e); In re Knott, No. 21-50423, 2022 WL 2293994, at *4 (Bankr. W.D. Va. June 24, 2022).

2

090302\1\170408155.v6

plainly bars Debtor from proceeding under Chapter 13, and under § 1307(c) his case must either be dismissed or converted"; summarizing case law).

The issue presently before the Court is whether this Chapter 13 case should be converted to Chapter 11, as requested by the Debtor, or dismissed, as requested by Maidenbaum. As demonstrated in the Motion To Dismiss, Berry Decl., Supplemental Berry Decl., Ganor Decl., and this memorandum of law, the Debtor's case should be dismissed, with prejudice. Dismissal is warranted here based on, among other things, (a) the Debtor's bad faith and fraudulent prepetition conduct during the last several years, detailed in the Berry Decl. and Berry Supplemental Decl., including two felony counts of grand larceny to which he pled guilty in December 2022, (b) the Debtor's filing of this Chapter 13 case, in bad faith, as a litigation tactic to avoid depositions and production of financial documents, (c) Debtor's having caused prejudicial delay to Maidenbaum and possibly other creditors, and (d) Debtor's inability to reorganize.

## PROCEDURAL HISTORY

On August 10, 2023 (the "Petition Date"), the Debtor filed this Chapter 13 case, *pro se.* On September 1, 2023, Maidenbaum filed his Motion To Dismiss, seeking dismissal of Debtor's Chapter 13 case, with prejudice. On September 19, 2023, the Debtor retained counsel in this case. (Motion To Convert, ¶ 9). On September 25, 2023, in response to Maidenbaum's Motion To Dismiss, the Debtor filed his Motion To Convert. That same evening, Mr. Berry filed the Berry Decl. in response. On September 26, 2023, the Court conducted a hearing scheduled on (i) automatic dismissal of Debtor's Chapter 13 case, (ii) Debtor's motion to extend the deadline to file Schedules and to provide required information, and (iii) Maidenbaum's Motion To Dismiss. No orders were entered after that hearing, although the Court stated it was not dismissing this case.

Subsequent to the September 26, 2023 hearing, various proofs of claims were filed, including Maidenbaum's Claim No. 5-1, asserting a non-dischargeable claim for over $5.56 Million, and Maidenbaum's claim No. 6-1, asserting a non-dischargeable claim for $900,000. (Claims nos. 5-1 and 6-1 are annexed to the Supplemental Berry Decl. as Exhibit "B" and Exhibit "C," respectively).

## I. THE DEBTOR'S MOTION TO CONVERT SHOULD BE DENIED

Section 1307(d) of the Bankruptcy Code provides that at any time before confirmation of a plan, on request of a party in interest and after notice and a hearing, the court may convert a Chapter 13 case to a Chapter 11 case. 11 U.S.C. § 1307(d). Section 1307(d) states:

> Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest or the United States trustee and after notice and a hearing, the court *may convert* a case under this chapter to a case under chapter 11 or 12 of this title.

11 U.S.C. § 1307(d) (emphasis added).

Conversion of a Chapter 13 case to Chapter 11 is at the discretion of the Court. In re Elwell, No. 17-51442, 2020 WL 762214, at *1–2 (Bankr. D. Conn. Feb. 14, 2020). See 11 U.S.C. § 1307(d); see also 8 Collier on Bankruptcy, ¶ 1307.05[1], p. 1307-24 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). The standard for converting a case under section 1307(c) is different from the standard under section 1307(d). Elwell, No. 17-51442, 2020 WL 762214, at *1–2. Chapter 13 is wholly voluntary, and a debtor has a non-waivable right to convert to Chapter 7 under section 1307(c). Elwell, 2020 WL 762214, at *1–2; Harris v. Viegelahn, 135 S. Ct. 1829, 1835 (2015) (holding debtor has a non-waivable right to convert a Chapter 13 case to Chapter 7). However, a debtor does not have an absolute right under section 1307(d) to convert a Chapter 13 case to Chapter 11. In re Plagakis, No. 03cv0728(SJ), 2004 WL 203090, at *5 (E.D.N.Y. Jan. 27, 2004);

Elwell, 2020 WL 762214, at *1–2; In re Hanson, 282 B.R. 240, 246 (Bankr. D. Colo. 2002) (holding conversion of a Chapter 13 case to a Chapter 11 case is not a matter of right).

When a debtor seeks to convert a Chapter 13 case to Chapter 11, a court should consider factors such as whether the debtor: 1) filed the initial bankruptcy petition and sought to convert in good faith, 2) is able to effectuate a plan, and 3) has caused prejudicial delay to creditors. Plagakis, 2004 WL 203090, at *4–6; Hanson, 282 B.R. at 246; In re Funk, 146 B.R. 118 (Bankr.D.N.J.1992); In re Ruffin, No. 09-04835-JW, 2009 WL 7231291, at *2 (Bankr. D. S.C. November 12, 2009) (citing Plagakis, 2004 WL 203090, at *5 and In re Anderson, 165 B.R. 445, 448-49 (S.D. Ind. 1994)). Courts have applied these factors to deny motions to convert from Chapter 13 to Chapter 11 under section 1307(d). See Plagakis, 2004 WL 203090, at *5-6 (sustaining bankruptcy court decision denying a section 1307(d) motion to convert and granting dismissal under section 1307(c) *nunc pro tunc* for bad faith); In re Tornheim, 181 B.R. 161, 169 (Bankr. S.D.N.Y. 1995) (denying pro se debtor's 1307(d) motion to convert as patently insufficient); Anderson, 165 B.R. at 449 (sustaining bankruptcy court decision denying a section 1307(d) motion to convert for inability to effectuate a Chapter 11 plan); Funk, 146 B.R. at 122-124 (sustaining bankruptcy court decision denying a section 1307(d) motion to convert for bad faith and inability to effectuate a plan); In re Calascibetta, No. 19-20558-PRW, 2020 WL 260992 (Bankr. W.D.N.Y. Jan. 16, 2020) (denying a debtor's section 1307(d) motion to convert and converting case to Chapter 7 under 1307(c)).

**A.     Bad Faith**

The Bankruptcy Code requires a Debtor proposing a plan for confirmation to exercise "good faith" in filing. See 11 U.S.C. § 1325(a)(3); Plagakis, 2004 WL 203090, at *4. A good faith determination focuses on the "totality of the circumstances" in determining whether the debtor displayed "honesty of intention," and "requires a bankruptcy court to 'inquire whether the

5
090302\1\170408155.v6

debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed the plan in an inequitable matter." Plagakis, 2004 WL 203090, at *4; In re Klevorn, 181 B.R. 8, 10 (Bankr.N.D.N.Y.1995); In re Johnson, 708 F.2d 865, 868 (2d Cir.983) (citations omitted). Here, the Debtor has not even filed a Chapter 13 plan.

Courts have found bad faith in Chapter 13 cases in the following circumstances: 1) the debtor has few or no unsecured creditors; 2) the debtor has previously filed for bankruptcy; 3) the debtor's pre-petition conduct was improper; 4) the debtor's petition allows him or her to evade court orders; 5) the debtor has few debts to non-moving creditors; 6) the petition was filed on the eve of foreclosure; 7) the foreclosed property was the sole or major asset of the debtor; 8) no possibility exists for reorganization; 9) the debtor's income is insufficient to operate; 10) there is no pressure from non-moving creditors; 11) reorganization essentially involves the resolution of a two-party dispute; and 12) the debtor filed solely to obtain an automatic stay. Plagakis, 2004 WL 203090, at *4–6. See In re Powers, 135 B.R. 980, 981 (Bankr.C.D.Cal.1991) (citing In re Grieshop, 63 B.R. 657 (Bankr.N.D.Ind.1986)). Courts also consider whether: 1) the petition contains deficiencies or inaccuracies meant to mislead the court; 2) payments are fundamentally fair in timing and amount; 3) debtor had an improper motive in seeking relief; and 4) under the "totality of the circumstances," the debtor has abused the provisions, purposes, and/or spirit of Chapter 13. Plagakis, 2004 WL 203090, at *4. See also In re Prud' Homme, 161 B.R. 747, 749–50 (Bankr.E.D.N.Y.1993); In re Powers, 135 B.R. at 992–93 (citations omitted); In re Johnson, 708 F.2d at 868.

Many of the indicia of bad faith described above are present in this case. As detailed in the Berry Decl. and the Supplemental Berry Decl., the Debtor engaged in many years of fraudulent and bad faith conduct. The Debtor has not disclosed a single item of financial information in seven

years of post-judgment state court collection proceedings prosecuted by Maidenbaum—resulting in multiple civil contempt citations and, finally, a *criminal contempt* finding against Fischman and placing him at the brink of incarceration before he began to misuse the bankruptcy laws.[2]

On April 25, 2023, Nassau County Supreme Court Justice R. Bruce Cozzens filed an order that held that unless Fischman appeared in Court for the deposition and document production required under Maidenbaum's subpoena, Fischman would be arrested and incarcerated.[3] That Court-ordered and in-court deposition and document production was twice rescheduled after two prior bankruptcy obstacles were overcome. [ECF No. 14-8 and ECF No. 14-9]. It was then stayed again when Fischman filed this case.

The related bankruptcy cases -- the involuntary Chapter 11 case filed against Fischman on May 8, 2023 and the Choshen Israel, LLC Chapter 11 case filed on August 2, 2023 -- also demonstrate Debtor's bad faith. Each of these cases was intended to stay State Court contempt proceedings triggered by Fishman's defiance of discovery orders in Maidenbaum's post-judgment collection case.[4]

The Debtor's bad faith has continued in this Chapter 13 case. He never filed a Chapter 13 plan, and he has yet to file Schedules. The Debtor has failed to comply with the most minimal responsibilities of a person legitimately seeking bankruptcy protection.

Additionally, the Debtor is not seeking to convert his case in good faith. The Debtor filed his Motion To Convert only after Maidenbaum filed his Motion to Dismiss. The timing and sequence of the motions indicate that the Debtor sought conversion to defeat Maidenbaum's Motion to Dismiss, and not for any reorganization purpose.

---

[2] Berry Decl., ¶ 3.
[3] Supplemental Berry Decl. ¶11 and Exhibit D.
[4] Maidenbaum's Motion To Dismiss ¶13.

## B. Inability To Confirm A Plan

Inability to confirm a Chapter 11 plan is grounds to deny a motion to convert to Chapter 11. See, e.g., Plagakis, 2004 WL 203090, at *4. Here, the Debtor can't confirm a Chapter 11 plan given that (a) Maidenbaum will block any plan the Debtor may file, unless Maidenbaum's filed claims are paid in full with all applicable interest, (b) the Apartment the Debtor owned in Israel has been sold, and the sale is final and nonappealable, and (c) the automatic stay terminated 30 days after the Petition Date, pursuant to Bankruptcy Code section 362(c)(3), as established in Maidenbaum's opposition to the Debtor's motion to enforce the automatic stay. Based on the foregoing, the Motion To Convert must be denied.

## II. DISMISSAL IS WARRANTED AND IN THE BEST INTEREST OF CREDITORS

A discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor. See, e.g., In re Gangemi, 291 B.R. 242, 246 (E.D.N.Y. 2003). It is clear from the declarations and exhibits filed by Maidenbaum in this Court, including proof of Debtor's criminal convictions, that Fischman is not an honest debtor, and that his dishonesty continues in this case.

Pursuant to Bankruptcy Code section § 1307(c), a bankruptcy court may dismiss a Chapter 13 case "for cause."[5] Courts have held that bad faith in filing for Chapter 13 relief constitutes "cause" under § 1307 sufficient to warrant a dismissal. Plagakis, 2004 WL 203090, at *4–6. See

---

[5] Section 1307(c) of the Bankruptcy Code provides:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court *may convert* a case under this chapter to a case under chapter 7 of this title, or *may dismiss* a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including–(1) unreasonable delay by the debtor that is prejudicial to creditors[.]

11 U.S.C. § 1307(c)(3) (emphasis added).

In re Setzer, 47 B.R. 340, 347 (Bankr.E.D.N.Y.1985) (holding that Debtor's failure to present a confirmable Chapter 13 plan evidenced bad faith and provided grounds for dismissal with cause); In re Eatman, 182 B.R. 386, 392 (Bankr.S.D.N.Y.1995) ("although 11 U.S.C. § 1307(c) does not expressly equate bad faith with 'cause,' the bankruptcy court can also dismiss the petition or convert the case under section 1307(c) if the debtor files his petition in bad faith"); In re Prud' Homme, 161 B.R. at 749.

The Debtor's Motion To Convert contends, without any basis, that conversion would serve the best interest of his creditors and his estate. The only statement he makes in support of this assertion is "[c]onversion to a Chapter 11 will allow the Debtor to continue with restructuring for the benefit of his creditors." (Conversion Motion, ¶11).

Maidenbaum, who holds a blocking vote, would not consent to any Chapter 11 plan (without being paid in full with all applicable interest), and therefore, the Debtor would not be able to reorganize.

This case should be dismissed, rather than converted, since Fischman cannot reorganize and because he filed the case on the eve of the State Court event he wishes to avoid. See Funk, 146 B.R. at 122-124 (sustaining bankruptcy court decision denying a §1307(d) motion to convert for bad faith and inability to effectuate a plan); Sapphire Development, LLC v. McKay, 549 B.R. 556, 571 (Bankr. D. Conn. 2016) (finding of bad faith because there was no possibility of reorganizing and the debtor "waited until the lawyers were polishing their opening statements in the State Court Action, which sought a judgment that would have stripped it of its sole asset, before pulling the bankruptcy trigger"); In re Loco Realty Corp., 2009 WL 2883050, *3 & n. 4 (Bankr. S.D.N.Y. June 25, 2009) (finding bad faith filing where debtor couldn't reorganize and case was filed "on the eve of the receiver taking possession of the Property").

Dismissal is warranted and necessary here and would serve the interests of Debtor's largest creditor, Maidenbaum, as well as the interests of all of Debtor's other creditors. Conversion, on the other hand, would allow the Debtor to continue to abuse the bankruptcy laws, evade his creditors, and hinder his creditors from collecting on their claims.

Based on the foregoing, the Debtor's case should be dismissed, with prejudice, pursuant to Bankruptcy Code section 1307(c).

## **CONCLUSION**

The Debtor's Motion To Convert should be denied and this case should be dismissed pursuant to Bankruptcy Code section 1307(c), with prejudice.

Dated: New York, New York
October 24, 2023

>BERRY LAW PLLC
>Eric W. Berry, Esq.
>745 Fifth Avenue, 5th Floor
>New York, New York 10151
>(212) 355-0777
>berrylawpllc@gmail.com
>
>TARTER KRINSKY & DROGIN, LLP
>
>By: /s/ Jill Makower
>Michael Z. Brownstein, Esq.
>Jill Makower, Esq.
>1350 Broadway, 11th Floor
>New York, New York 10018
>(212) 216-8000
>mbrownstein@tarterkrinsky.com
>jmakower@tarterkrinsky.com
>
>*Attorneys for Shalom S. Maidenbaum, Creditor*